UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WGBH EDUCATIONAL FOUNDATION,

    Plaintiff,

-against-

DONALD ELLIS GALLERY, LTD. and
DONALD ELLIS,

    Defendants.

No. 08 CV 3187 (DAB)

**ANSWER AND
AFFIRMATIVE DEFENSES**

---

Defendants Donald Ellis Gallery, Ltd. and Donald Ellis ("Ellis," and collectively, "Defendants"), through their attorneys, answers the Complaint in this action as follows:

1. Admit that Plaintiff purports to bring claims as described in paragraph 1 of the Complaint, but otherwise deny the allegations.

2. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admit that Donald Ellis Gallery, Ltd. is an Ontario, Canada business corporation that does business in the Southern District of New York, but deny the remaining allegations contained in paragraph 3 of the Complaint.

4. Deny that Donald Ellis has a place of business in the Southern District of New York and admit the remaining allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 of the Complaint set forth legal conclusions and require no response.

6. The allegations in paragraph 6 of the Complaint set forth legal conclusions and require no response.

7. The allegations in paragraph 7 of the Complaint set forth legal conclusions and require no response.

8. Admit that Plaintiff is a public broadcaster that produces programs for public television, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint.

9. Admit the allegations in paragraph 9 of the Complaint.

10. With respect to the allegations contained in paragraph 10 of the Complaint, admit that Plaintiff and Donald Ellis entered into an agreement, but respectfully refer the Court to that agreement for its terms and conditions.

11. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. With respect to the allegations contained in paragraph 16 of the Complaint, admit that Plaintiff and Donald Ellis entered into an agreement, but respectfully refer the Court to that agreement for its terms and conditions.

17. Admit the allegations in paragraph 17 of the Complaint.

18. With respect to the allegations contained in paragraph 18 of the Complaint, admit that Plaintiff and Donald Ellis entered into an agreement, but respectfully refer the Court to that agreement for its terms and conditions.

19. With respect to the allegations contained in paragraph 19 of the Complaint, admit that Plaintiff and Donald Ellis entered into an agreement, but respectfully refer the Court to that agreement for its terms and conditions.

20. Admit that a representative of Defendants contacted Plaintiff, but deny the remaining allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. With respect to the allegations contained in paragraph 23 of the Complaint, admit that Plaintiff sent certain letters to Ellis, but respectfully refer the Court to those letters for their content and deny the remaining allegations in that paragraph.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint and respectfully refer the Court to the Agreement for its terms and conditions.

26. Repeat and reallege their responses to paragraphs 1 through 25 of the Complaint as if set forth at length herein.

27. The allegations in paragraph 27 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. The allegations in paragraph 29 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Repeat and reallege their responses to paragraphs 1 through 30 of the Complaint as if set forth at length herein.

32. The allegations in paragraph 32 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The allegations in paragraph 33 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The allegations in paragraph 34 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint set forth legal conclusions and require no response. To the extent that a response is required, Defendants deny the allegation contained in paragraph 35 of the Complaint.

WHEREFORE, Defendants deny all allegations set forth in the Complaint that have not been expressly answered above, deny that Plaintiff is entitled to any relief whatsoever, and respectfully request judgment dismissing Plaintiff's Complaint with prejudice and with such costs and attorneys' fees as may be allowed by law, and any further legal and equitable relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof or persuasion as to such defenses that would otherwise rest on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of Plaintiff's failure to mitigate its damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands and bad faith.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of Plaintiff's prior breach of contract.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Any use by Defendants was a fair use, in good faith, and is therefore a use permitted under US copyright law.

### SEVENTH AFFIRMATIVE DEFENSE

The agreement entered into between Plaintiff and Ellis is void by virtue of the statute of frauds and illegality.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have acted at all times with innocent intent.

## DEFENSES RESERVED

The foregoing affirmative defenses are raised by Defendants without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise. Defendants hereby reserve the right to amend or supplement their Answer to assert any other related defenses as they become available.

Dated:  New York, New York
        May 21, 2008

                                              DREIER LLP

                                              By: _____
                                              Joshua H. Epstein (JE 2187)
                                              Alan S. Gruber (AG 3086)
                                              499 Park Avenue
                                              New York, New York 10022
                                              (212) 328-6100

                                              *Attorneys for Defendants*

{00355830.DOC;2}                          6